855 F.2d 864
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hamid ZAMANIAN, Defendant-Appellant.
 No. 87-5137.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1988.
Decided Aug. 10, 1988.
 Before NELSON, REINHARDT and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hamid Zamanian appeals his narcotics convictions on two counts of conspiracy and possession, arguing, inter alia, that the evidence was insufficient to support the convictions. We agree and reverse.
 
 
 3
 The government's case against Zamanian was essentially one of guilt by association coupled with two suspect acts, viz., the removal of a "male purse" from the appellant's automobile and his flight following the arrest of, inter alios, Sattar Nadjmehchi. While the inferences which can be drawn from the above are logically consistent with the government's arguments in support of the conspiracy and possession counts, we are compelled by the holdings of United States v. Penagos, 823 F.2d 346 (9th Cir.1987), United States v. Lopez, 625 F.2d 889 (9th Cir.1980), and United States v. Cloughessy, 527 F.2d 190 (9th Cir.1977) (per curiam) to find as a matter of law that insufficient evidence was presented to sustain the convictions on either count.
 
 
 4
 There was no evidence presented to show that Zamanian was involved in, or even necessarily knew of, the telephone calls that had passed between the homes of coconspirators Javad Ebtehaj-Rashti and Mohammad Rashimi-Ardebili. Cf. Penagos, 823 F.2d at 348 (defendant observed placing and receiving numerous telephone calls). Similarly, there was no evidence that the appellant was either present at or even mentioned in any of the numerous meetings between nadjmehchi and DEA Special Agent Gene Sugimoto. Cf. id. at 349 (defendant observed in company of coconspirators on only one occasion). No evidence was presented of any trace of heroin having been found on Zamanian or in his residence or automobile. No evidence of the contents of the "male purse" was presented. Likewise, despite the open payoffs to Ebtehaj-Rashti and the confidential informant, as well as the implied payoff to Rashimi-Ardebili (evidenced by the large amount of cash seen on his person by the two policemen who conducted a traffic stop of Zamanian and Rashimi-Ardebili), there was no evidence presented of any such payoff to the appellant. Finally, while Zamanian's flight and his comments upon being arrested are certainly eyebrow raising, they are no more incriminating than the actions of the defendant in Lopez, who stated upon arrest that he "knew what was going down" and implied that, but for his partial paralysis, he would have escaped. Id. at 895.
 
 
 5
 In short, the evidence in this case falls below that presented in Penagos, Lopez, and Cloughessy. We hold, therefore, that no rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.
 
 
 6
 For the reasons set forth above, the appellant's convictions on both the conspiracy and possession counts are hereby REVERSED for insufficient evidence and this case is REMANDED to the district court with instructions that it be dismissed.[1]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because of our ruling on this issue, we need not and do not reach the remaining issues raised by Zamanian on his appeal